NORTH *v.* GRIFFIN.

5-1152                                          298 S. W. 2d 700

Opinion delivered February 18, 1957.

*Thomas L. Cashion* and *W. K. Grubbs,* for appel-lant.

*J. W. McCall,* Memphis, Tenn., and *Ed Trice,* for appellee.

SAM ROBINSON, Associate Justice. On the 5th day of December, 1952, the appellant, L. C. North, sold to appellee, Mrs. J. W. Griffin, a 640 acre farm located in Chicot County. As part of the consideration, the purchaser executed a promissory note in the sum of $24,000 secured by mortgage; the note and mortgage do not bear interest. North filed this suit, asking that the note and mortgage be reformed to provide for the legal rate of interest. The chancellor's decree was against reformation, and North has appealed. To justify the courts in reforming a written instrument, the evidence must be clear, cogent and decisive.

Here, we cannot say the testimony produced in favor of reformation meets that test. The note and mortgage were prepared by Mr. J. W. McCall, an attorney, of Memphis. He is the regular attorney for Griffin, and it was at Griffin's suggestion that Mr. McCall was selected to do the legal work in connection with the sale. At the time of the sale, the parties entered into a contract for the operation of the property that was being sold. It was agreed that North would remain on the farm, and manage the operation of it for a percentage of the profits. North remained on the land pursuant to that agreement, but, later, the contract was terminated by mutual consent. It is North's contention that at the time of the sale of the land and execution of the note and mortgage it was agreed that the balance of the purchase price of $24,000 would not bear interest as long as the contract to operate the farm remained in effect; but, at the termination of that contract, the note and mortgage would begin to bear interest. North is corroborated to some extent by the testimony of his wife; however, Griffin and McCall positively deny that there was any such agreement. They contend that it was part of the condition of the sale that the note representing the unpaid part of the purchase price should bear no interest. It is clear from the record that the interest was not left out inadvertently. The mortgage was prepared on a form, and that part of the printed matter with the blank space for the interest to be inserted is deleted by being marked through with a pen. The alteration of the

printed form is very obvious, and is such that it would attract one's attention immediately. In view of the testimony of McCall and Griffin, along with the altered form used in preparing the mortgage, we cannot say that appellant has proven his case by clear, cogent and decisive testimony.

Affirmed.